Opinion pf the Court, by
Judge Mills.
John Bowman and Jesse Smith held a parent for firp thousand acres of land, and execuled a lease thereof to Vanhorne and wife, the plaintiffs in error, for their natural lives, reserving rent, with a privilege of enclosing and clearing thirty acres near their dwelling. They were not to commit waste, and were to see that others did not trespass on the land; and if such trespass or waste was made, they were to give notice of it to the lessors. In the lease was a reservation of all the land which Rpwman and Smith had previously sold or leas? *51 ed, and, a clause reserving the right of the lessors to sell or lease other parts of the tract, and thus determine, on that part, the lease of Vanborne and wife, provided they left fifty acres, including the residence and improvements of Vanborne.
y¡,e instruo-tions of th«-circuit enur‘d
The acta, ul residencs 'claim uvcwhole. isapos-n-sHon, of the unon; closed part, within the forcible entries.
*51 Previous to the execution of this lease, Bowman had obtained, a judgment in ejectment against sundry adverse claimants residing on. the. land included in the lease, hut had not executed his writ of possession, and these adverse- claimants t-lien remained on the land. After the execution of this lease, he issued his writ of possession, and pul these adverse claimants out. The holder of one of the tenements was not at home; but the sheriff removed his wife and family, and she contracted with. Bowman’s agent for a lease of a few days, which was given, and she returned to the possession. A few days afterwards, her husband went to the agent of Bowman, and took a lease for one year; bu.t shortly afterwards surrendered th,is lease and moved away, leaving no person on the premises. Bowman’s agent then executed a lease to another person, who surren-' dered it before he took possession, and the place stih remained vacant. While in this situation, the present defendant in error entered as a tenant to-, and claiming under one of the defendants in the ejectment, who had previously held it, and who had been evicted by the judgment. To remove him, this writ of forcible entry and detainer was brought by Vnnhorne and wife, who, during, all these events, were possessed under their lease.
On the trial thereof in the circuit court, the jury were instructed by that court, that unless Vnnhorne and wife, after the delivery of the possession by the sheriff to Bowman, had made an actual, entry Upon the enclosure ofdhe defendant in the warrant, they could not maintain this writ; and that, although they were actuallyresiding and holding under the lease, on adif. ferent part of the land from the enclosure in controversy, they did not become possessed, so as to maintain, this writ by virtue of the lease and the delivery of possession under the writ of possession, without an actual-entry within the enclosure of the premises in contest.
The jury found for the defendants, and to reverse the judgment on account of these instructions, Van-borne and wife have prosecuted this writ of error.
(?) ters into part of the promises, whilst gaimt° whom thp lessor has judgment,has the other” execution of the writ of urosCto°the" benefit of the lessee; and Fssor'fa^he had° * bytip-ulation, a right to do) to^another, yet if this’ lessee do not keep it, the \rilf be°with thefirstlessee
Bibb and Wilson, for plaintiffs.
(1) Wc cannot perceive any principle on which the instructions can be maintained. It has heretofore been determined by this court, that the actual residence on one part of a tract, claiming the whole, is such an actu-3! possession of the land not enclosed, as comes within {¡le meanjng 0f the act which regulates those proceed-ingsi and that an entry on any part, without the con-gent qf such actual possessor, would subject the inlru-derto this remedy, and that the remedy was not ros-trained to actual sensible enclosures, but by the marked boundaries only.
(2) The lease of Yanhorne and wife included this hind, R is true, they did not get the actual possession with the lease. It was then held by others. But when Bowman took the possession under his writ of habere. Possess^onerhi it inured to the benefit of his lessees, and his entry was as good as theirs would have been, as the possession was forthwith transferred by opera-^on -'IW' as Bowman and Smith had neither leased nor sold the land afterwards to any person who kept it, the actual possession still remained with Van-^orne anc^ wife, and they alone were entitled to the writ; for it cannot be supposed that the entry of Bowman under his writ of possession was foreign or adverse to their occupancy, and that they acquired nothing thereby, until " they entered themselves. The instructions given, were, therefore, wholly erroneous,
The judgment must be reversed with costs, and the ver(}¡ct be set aside, and directions given for new prer-ceedings not inconsistent with this opinion,